Martha G. Bronitsky, #127583
Chapter 13 Standing Trustee
Sarah Velasco, #255873, Staff Attorney
PO Box 5004
Hayward, CA 94540
(510) 266- 5580
13trustee@oak13.com

# THE UNITED STATES BANKRUPTCY COURT
## NORTHERN DISTRICT OF CALIFORNIA
## OAKLAND DIVISION

| In re | |
|---|---|
| **Harry Yu** | **Chapter 13 Case No. 22-41324-WJL13** |
| Debtors | Chapter 13 Trustee's Initial Notice of Deficiencies and Objection to Confirmation of Chapter 13 Plan |

### Plan Objection Information

Chapter 13 Trustee ("Trustee") Objects To: Chapter 13 plan
Filed: February 24, 2023
Docket#: 30

### Motion To Dismiss Information

☐ Trustee Seeks To Dismiss or Convert the Case

Notwithstanding the motion herein, Trustee may file a concurrent motion to dismiss with 21 days' notice pursuant to Local Bankruptcy Rule 9014-1(b)(3)A) which may result in dismissal of the above captioned case in the absence of a timely response.

(See II. Motion To Dismiss Below)

### Case Information

Petition Filed: December 30, 2022                Attorney Name: PRO PER

## I. Objection

Martha G. Bronitsky, Chapter 13 Trustee in the above referenced matter, opposes confirmation of the Chapter 13 Plan on the following grounds:
* Pursuant to Bankruptcy Local Rule 3015-1, an objection to a plan will be considered an objection to all subsequent versions and amendments until the objection is withdrawn or the objecting party fails to appear at a hearing on confirmation

### (A) Chapter 13 Plan 11 U.S.C. 1322, 1324, 1325 and 1326

☐ (1) The plan fails to provide for submission of all or such portion of future earnings or other future income to the supervision and control of the Trustee as is necessary for execution of the plan. [11 U.S.C.§1322(a)]

Facts:

☐ (2) The plan fails to provide for the full payment, in deferred cash payments, of all claims entitled to priority under 507 of this title [11 U.S.C.§1322(a)]

Facts:

☐ (3) The plan fails to provide for the same treatment of claims classified within a particular class. [11 U.S.C.§1322(a)]

Facts:

☐ (4) The plan unfairly discriminates between a class or classes of unsecured claims. [11 U.S.C.§1322(b)]

Facts:

☐ (5) The plan impermissibly modifies the claim of the creditor secured only by a security interest in real property that is the Debtor's principal residence. [11 U.S.C.§1322(b)]

Facts:

☑ (6) The value, as of the effective date of the plan, of property to be distributed under the plan on account of each allowed unsecured claim is less than the amount that would be paid on such claim if the estate of the debtor were liquidated under Chapter 7 on this title on such date. [11 U.S.C.§1325(a)(4)]

Facts: Debtor's statement of financial affairs no. 9 provides for a pending action against Entra Default Solutions LLC for wrongful Termination. Debtor should amend the plan and provide in section 7 that Debtor will turn over all non-exempt proceeds received as a result of the possible claim within two (2) weeks of receipt.

☑    (7) The plan is not feasible. Debtor will not be able to make all payments under the plan and comply with the plan. [11 U.S.C.§1325(a)(6)]

Facts: Debtor's plan is not feasible. Debtor's plan is not administrable on a monthly basis. Debtor's proposed plan payment of $218.83 is not sufficient to cover the Trustee fee and the proposed monthly dividends. Payments need to increase to $244 for 36 months. This amount does not include the balance of attorney fees disclosed on the Chapter 13 plan, if the balance owing of $3,000 is included, payments need to increase to $336 for 36 months. Income received from self-employment should be disclosed on Schedule I, line 8a. Once moved, an attachment for business income is needed to disclose income and expenses.

☐    (8) The Debtor has not paid all domestic support obligation as required by 11 U.S.C.§1325(a)(8).

Facts:

☐    (9) The Debtor has not filed all applicable tax returns required by 11 U.S.C. §1325(a)(9)

Facts:

☐    (10) The plan does not provide for the payment of equal monthly amounts to allowed secured claims. [11 U.S.C.§1325(a)(B)(ii)(I)]

Facts:

☑    (11) The plan has not been proposed in good faith [11 U.S.C. 1325(a)(3)] and/or the action of the Debtor in filing the petition was in bad faith. [11 U.S.C.§1325 (a)(7)]

Facts: Debtor appears to significantly undervalue the residence at 37591 3rd St, Fremont, CA. Debtor should provide Trustee with a Brokers Price Opinion to support the value listed on schedule A.

☐    (12) The plan provides for payments to creditors for a period longer than five (5) years [11 U.S.C.§1322(d)]

Facts:

☐    (13) With respect to each allowed secured claim provided for by the plan, the plan fails to provide for the value, as of the effective date of the plan, of property to be distributed under the plan on account of each allowed amount of such claim. [11 U.S.C.§ 1325(a)(5)(B)(ii)]

Facts:

☐    (14) The plan does not provide for all of the Debtor's projected disposable income ("DMI") to be applied to unsecured creditors under the plan purusant to 11 U.S.C. 1325 (b).

Facts:

☑ (15(a)) Other:   Taxes; Pro Per Declaration

Facts: Provide a copy of the Federal income tax return for the most recent tax year ending immediately before the commencement of the case and for which a Federal income tax returns was filed.  [11 U.S.C. section 521(e)(2)(i)].  Failure to provide a copy to the Trustee no later than 7 days prior to the Meeting of Creditors may result in a request for dismissal or conversion of this case. Trustee has provided the Debtor with a Pro Per statement. Debtor should complete and return to the Trustee's office.

☑ (15(b)) Other:   Incomplete and/or inaccurate schedules

Facts: Schedule A/B shows only the debtor has an interest in real property located at 37591 3rd St, Fremont, CA; however per schedule D no. 2.2 there is a lien held by Douglas Sykes. The schedule indicates that the debtor is not on the loan and does not owe anything to the creditor. Schedule A/B should be amended to properly disclose who has an interest in the property. The schedule should also disclose the amount owed to Douglas Sykes within the other information field on the schedule. Statement of financial affairs no. 27 fails to disclose business information: business name, address, nature of business and dates business existed.

### (B) Local Rules and General Orders

☑     (16) Debtor failed to utilize, or failed to properly complete, the Mandatory Form Plan for Chapter 13 cases filed or converted to Chapter 13 on or after December 1, 2017.

 Facts: Debtor has filed the incorrect form plan. Debtor needs to file, and serve with 28 days' notice and opportunity to object, Northern District of California Chapter 13 plan form NDC-1 (11-6-17). Debtor's plan provides for a balance of attorney fees of $3,000. Debtor is now pro per. Debtor's prior attorney did not file any fee forms. It is unclear if there is a balance due to Debtor's former counsel.

☐  (17) Debtor failed to file and serve a motion to value collateral and obtain an order or has otherwise failed to value collateral as part of or "through" the plan.

Facts:

☑     (18)  The plan provision regarding Debtor's Attorney's fees fails to comply with General Order 35 or the existing Guidelines for Payment of Attorney's Fees in Chapter 13 cases.

Facts: Section 3.05 of the Chapter 13 plan elects to comply with General Order 35, but Debtor's attorney has not filed the Initial fee application with the court.

☑ (19) Other: Pay Advices

Facts: Debtor has yet to provide the Trustee copies of Payment advices/paystubs and/or Certification pursuant to General Order 32. Failure to provide a copy to the Trustee no later than 7 days prior to the Meeting of Creditors may result in a request for dismissal or conversion.

### II. Motion to Dismiss or Convert Chapter 13 Case

The Trustee seeks dismissal or conversion of this case pursuant to 11 U.S.C. § 1307(c) on the following grounds:

Case: 22-41324    Doc# 33    Filed: 02/27/23    Entered: 02/27/23 15:47:38    Page 4 of 7

4

☑ (1) Unreasonable delay by the Debtor that is prejudicial to creditors.

Facts: Motion to dismiss for failure to appear at meeting of creditors, up 3/2.

☑ (2) Payments to the Trustee are not current under the Debtor's proposed plan.

Facts: Motion to dismiss for failure to make plan payments, up 3/20.

☐ (3) Failure to confirm a plan.

Facts:

☐ (4) Failure of the Debtor to pay any domestic support obligation that first becomes payable after the date of the filing of the petition.
Facts:

☐ (5) Failure to provide documents and information (Schedules, Statement of Financial Affairs, payment advices, etc...) to the Trustee as required by 11 U.S.C. § 521(a)(1),(3),or (4). [11 U.S.C. § 1307(c); 11 U.S.C. 521].

Facts:

☐ (6) Other cause:

Facts:

### III. Trustee's Recommendation/Analysis

☐ The current plan is not confirmable and an amended plan will be required to be filed.

☐ No confirmable plan can be filed based on the facts of this case.

☐ Other:

***Note: If you have questions, please contact Carolina Urbina by email at curbina@oak13.com.

**WHEREFORE,** the Trustee requests:

☑ That the Trustee's objection to confirmation of the plan be sustained.

☐ That the Trustee's objection to confirmation of the plan be sustained and a bar date to achieve confirmation be set.

☐   That the Debtor's case be dismissed or converted.

Such other and further relief as the court deems proper.

Date: February 27, 2023                              /s/ Trustee Martha G. Bronitsky
                                                     Trustee Martha G. Bronitsky
                                                     Chapter 13 Standing Trustee

## Certificate of Service

I HEREBY CERTIFY that I have served a copy of the within and foregoing document on the Debtor, Counsel for Debtor, and if applicable, the Creditor, Creditor representatives and the registered agent for the Creditor by depositing it in the United States Mail with First Class postage attached thereto.

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

| | |
|---|---|
| Date: February 27, 2023 | /s/ Melissa Best |
| | Melissa Best |
| | |
| Harry Yu | Pro Per |
| 37591 - 3Rd Street | |
| Fremont, CA 94536 | (Counsel for Debtor) |
| | |
| Debtor | |